**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER ON MOTIONS

Appellate case name:      Brandy Brenay Charles and Ronald Dwayne Whitfield
                          v. Texas Department of Family and Protective Services

Appellate case number:   01-18-00311-CV

Trial court case number: 2017-02559J

Trial court:             314th District Court of Harris County

On April 1 and 5, 2019, appellants, Brandy Brenay Charles and Ronald Dwayne Whitfield, filed pro se letter-motions for a stay and recall of mandates in this case, the related appellate cause number 01-18-00485-CV, and a prior criminal one, 01-92-00617-CR.[1] As for this case, this Court's judgment was issued on May 8, 2018, and our mandate was issued on December 20, 2018. Thus, any stay motions are **dismissed as moot** because the mandate already issued. *See* TEX. R. APP. P. 18.2.

Moreover, this Court lacks jurisdiction to consider these letter-motions to recall the mandate because its plenary power expired 30 days after it dismissed appellants' pro se motions for rehearing/en banc reconsideration as moot on August 28, 2018. *See* TEX. R. APP. P. 19.1(b). After the expiration of its plenary power, this Court cannot vacate or modify its judgment and Rule 19.3 limits this Court to items such as correcting clerical errors in its judgment/opinion and issuing/recalling its mandate as these rules provide. *See* TEX. R. APP. P. 19.3(a)-(d). This Court may recall the mandate only after vacating or modifying the judgment, which this Court has not done. *See* TEX. R. APP. P. 18.7.

Accordingly, because appellants' April 1 and 5, 2019 letter-motions for a stay and recall of mandates do not fall under one of the permitted post-plenary power items under

---

[1] With respect to appellant Whitfield's letter-motions to recall his criminal mandate submitted on March 28, April 1 and 5, 2019, in 01-92-00617-CR, those motions were marked as received, but not filed, by the Clerk of this Court pursuant to this Court's 2015 Order. *See Whitfield v. State*, No. 01-92-00617-CR (Tex. App.—Houston [1st Dist.] Order on Mot. for En Banc Reconsideration, Aug. 25, 2015) (stating that no further motions will be filed in that case absent an order from the Court of Criminal Appeals).

Rule 19.3, they must be **dismissed** for lack of jurisdiction.

 It is so ORDERED.

Judge's signature:  __/s/ Laura C. Hilgey_____

        x  Acting individually ☐  Acting for the Panel

Date:  __April 9, 2019_____